The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>LAMONT JEFFREY REYNOLDS,<br><br>Defendant. | NO. 2:18-cr-00131-RAJ<br><br>ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |

**I. BACKGROUND**

This matter comes before the Court on Defendant Lamont Jeffrey Reynolds' motion for compassionate release. Dkt. 1292. Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby **DENIES** the motion for the reasons explained herein.

Following a lengthy investigation and indictment involving several other defendants, Mr. Reynolds was charged with drug related offenses. On May 14, 2019, he pled guilty to Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Dkt. 737.

On August 2, 2019, the Court sentenced Mr. Reynolds to 60 months of incarceration, to be followed by four years of supervised release. Dkt. 1023. He is currently housed at Federal Correctional Institution Lompoc. He is scheduled to be released on April 11, 2023.

ORDER - 1

1   On May 5, 2020, Mr. Reynolds filed the instant motion requesting compassionate
2 release.  He contends his circumstances put him at a higher risk to suffer serious
3 complications or even death because he has been confirmed to have tested positive for
4 COVID-19 and he has several chronic conditions that increase the risks he may suffer
5 from the disease.  Dkt. 1292.
6   Specifically, Mr. Reynolds contends he is an African American male who suffers
7 from medical problems that elevate his risk for severe complications from COVID-19.
8 His list of medical conditions includes, but is not limited to, hypertension, kidney stones,
9 obesity, and chronic back pain/sciatica.  Dkt. 1292, p. 3.
10   The Government admits that Mr. Reynolds' medical records confirm that he tested
11 positive for COVID-19, but argue that the exhibits show he received regular care for
12 COVID-19 and has recovered from the disease.  Dkt. 1319, Ex. 1 and 2.
13   This Court issued an order on June 2, 2020 (Dkt. 1316) directing the Government
14 to provide a report on Mr. Reynolds' current medical condition.  The previously
15 submitted medical records for Mr. Reynolds confirmed he had tested positive for
16 COVID-19.  The Court's Order directed the Government to secure information regarding
17 his current medical condition, any treatment sought, and the treatment provided.  The
18 reasons for that request are clearly reflected in the Court's prior order and will not be
19 repeated here.
20   On June 11, 2020, the Government complied with the Court's directive and
21 provided the Bureau of Prisons Health Services Cosign/Review of Mr. Reynolds' medical
22 condition and treatment provided to him during the period of May 8-17, 19-21, and
23 June 9, 2020.  Dkt. 1323, Amended Ex. 2.
24   In addition, the Government provided documentation from Dr. James Pelton,
25 Regional Clinical Director, Western Region, Federal Bureau of Prisons, dated June 11,
26 2020, which detailed the care and treatment received by Mr. Reynolds.
27
28

1  Mr. Reynolds filed a Supplemental Memorandum and incorrectly represented that
2  the Bureau of Prisons stopped providing medical care after May 21, 2020, and ignored a
3  request to provide medical treatment for his chronic and acute medical problems.

## II. DISCUSSION

### A.  Legal Standard for Compassionate Release

18 U.S.C. § 3582(c)(1)(A) allows a court to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Commission's policy statement, in turn, says that a court may reduce a term of imprisonment if "the defendant is not a danger to the safety of any other person or to the community" and "extraordinary and compelling reasons warrant such a reduction." United States Sentencing Guidelines ("USSG") § 1B1.13. The policy statement clarifies that such reasons exist when (1) "the defendant is suffering from a terminal illness" or (2) "the defendant is suffering from a serious physical or mental condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13 cmt. n.1. The policy statement also directs a court to consider the factors set forth in 18 U.S.C. § 3553(a) in deciding whether compassionate release is appropriate and what form compassionate release should take. USSC § 1B1.13 cmt. n.4.

Mr. Reynolds' motion seeks a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. As amended, § 3582(c)(1)(A) permits an inmate, who satisfies certain statutorily mandated conditions, to file a motion with the sentencing court for "compassionate release." As relevant to Mr. Reynolds' motion, the statute now provides:

> (c) Modification of an imposed term of imprisonment. --The court may not modify a term of imprisonment once it has been imposed except that--

>    (1) in any case--
>
>    (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>    (i) extraordinary and compelling reasons warrant such a reduction;
>
>    . . .
>
>    and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The relevant statute gives this Court authority to reduce a previously imposed sentence if three requirements are satisfied: (1) the inmate has either exhausted administrative review of the Bureau of Prison's failure to bring such a motion, or waited until 30 days after the request was made to the warden where the inmate is housed if that is earlier; (2) the inmate has presented extraordinary and compelling reasons for the requested reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement.

### B.     Exhaustion of Administrative Remedies

It is undisputed that Mr. Reynolds has met the exhaustion requirement. He asked for compassionate release on April 22, 2020, and L. J. Milusnic, Acting Complex Warden for FCI Lompoc, denied his request on May 18, 2020. Dkt. 1315, Supp. Ex.

///

///

///

### C. Extraordinary and Compelling Circumstances

The Court must next determine if extraordinary and compelling circumstances warrant a reduction of Mr. Reynolds' term of imprisonment. *See* 18 U.S.C. § 3582(c)(1)(A)(i); USSG § 1B1.13.

The policy statement referenced in § 3582(c)(1) was promulgated by the Sentencing Commission pursuant to the authority Congress vested in it in 28 U.S.C. § 994. That statute provides:

> The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

28 U.S.C. § 994(f).

Consistent with this statute, the applicable policy statement can be found at Section 1B1.13 of the United States Sentencing Guidelines. That statement provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction…
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. 3142(g); and
>
> (3) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
>  (4) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13 (2019).

In the commentary, the Commission goes on to explain what constitutes "extraordinary and compelling reasons" to support a reduction in sentence.

Specifically, Application Note 1 provides that "extraordinary and compelling reasons exist if the defendant is suffering from a serious physical or medical condition…that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt.n.1.

Mr. Reynolds argues that he has tested positive for COVID-19. In addition, he had complained to his attorney about body aches (in his joints, knees, and shoulders), and a bloated feeling in his stomach. He also referenced his medical record for May 8, 2020 which reports he suffered from a "cough, SOB, muscle pain fatigue, sore throat, HA, new loss of taste and smell, and/or chills," Dkt. 1301 and 1297, App. A at 112.

The Court does not intend to minimize the health conditions that Mr. Reynolds may have experienced as of the date of his May 8, 2020 medical report. However, there is a considerable difference in the medical reports describing his condition on May 8, 2020 compared to that provided to this Court in accordance with the previously issued Order of June 2, 2020. Dkt. 1316.

The produced reports document extensive care, treatment, and testing of Mr. Reynolds' medical conditions. The medical records reflect almost daily care and/or treatment for Mr. Reynolds during the time of May 8-17, May 19-21, and assessment and treatment again on June 9, 2020. These records indicate that as of June 9, 2020, his "Pulmonary tests were within normal limits; Auscultation, clear; Cardiovascular, normal rate, regular rhythm with no Tachycardia (rapid heart rate) or Bradycardia (slow heart rate); Abdomen, bulging flanks, obese; Musculosketal gait as normal; and Neurologic motor system as normal." Dkt. 1323-1, p. 24. More specifically, the report notes that his confirmed case of COVID-19 was resolved. *Id.* at p. 24.

As Mr. Reynolds acknowledges, compassionate release is "an extraordinary and rare event." *White v. United States,* 378 F. Supp. 3rd 784, 787 (W.D. Mo. 2019). While Mr. Reynolds articulates several health concerns, chronic conditions that can be managed

in prison are not a sufficient basis for compassionate release. *United States v. Ayon-Nunez,* 2020 WL 704785, at *2-3 (E.D. Cal. Feb. 12, 2020).

The fact that Mr. Reynolds tested positive for COVID-19 with a "resolved" diagnosis significantly alters the analysis of his petition for compassionate release. His last medical report indicates that he is currently receiving medication for his other health concerns and is not suffering from any reported lingering symptoms from COVID-19. Consequently, his circumstances do not provide a basis to reduce his sentence or grant his request for compassionate release.

For these reasons, Mr. Reynolds' motion for compassionate release is **DENIED.**

DATED this 17th day of June, 2020.

*/s/ Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge