The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LAMONT JEFFREY REYNOLDS,<br><br>Defendant. | CASE NO. CR18-131 RAJ<br><br>**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR RECONSIDERATION** |

    The United States opposes Lamont Jeffrey Reynolds' motion for reconsideration. On June 17, 2020, the Court set forth the proper legal standard for the Defendant's motion for early release and then correctly denied the motion. The Court should now deny his motion for reconsideration.

    While the government agrees with the Court's conclusion to deny the request for early release, the government has changed its position with regard to whether the Defendant meets one of the prerequisites for such release. In light of the ever-evolving information about COVID-19 and its dangers, the government now maintains that the Defendant's stage 2 kidney disease is a medical condition recognized by the CDC in its June 25, 2020 update as one of the conditions that puts people at an increased risk of severe illness from COVID-19. As such, the government does not dispute that the Defendant's stage 2 kidney disease in the context of COVID-19 presents an "extraordinary and compelling reason" that allows this Court to exercise its discretion to consider whether a reduction in sentence is warranted.

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR RECONSIDERATION**
*United States v. Reynolds*, CR18-131RAJ **- 1**

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

However, that discretion is not warranted here because the Defendant has failed to show that (1) he is not a danger to the community, and (2) his release is consistent with the factors in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13. Thus, the Court should confirm its denial of the motion for compassionate release and deny the Defendant's motion for reconsideration.

## A.   Standard for Motion for Reconsideration

The Local Rules explicitly state that "[m]otions for reconsideration are disfavored." CrR 12(b)(13)(A). Indeed, "the court will ordinarily deny such motions," though it might grant a motion for reconsideration in one of two circumstances. *Id*. The first occurs when the moving party submits a new fact or legal authority that could not have been brought to the court's attention earlier. *Id*. The second occurs when the moving party shows, not just error, but "manifest error in the prior ruling." *Id*. The motion for reconsideration must "point out with specificity the matters which the movant believes were overlooked or misapprehended by the court." *Id*. 12(b)(13)(B). Failure to do so can be grounds for denial of the motion.

## B.   Argument

The Court correctly denied the Defendant's motion for compassionate release. Because the Defendant cannot show that releasing him is safe for the community or that release is warranted in light of the factors in 18 U.S.C. § 3553(a), he cannot show that the Court committed manifest error in denying his motion. As such, the Court should deny his motion for reconsideration.

### 1.   The Defendant Cannot Show that Early Release is Consistent with the 3553(a) Factors or that He Poses No Danger to the Public.

The Defendant has failed to establish the third requirement for compassionate release, and the Court should deny his motion. As set forth in the Court's Order, an application for compassionate release must satisfy three requirements: (1) the applicant for release must exhaust administrative review, (2) the applicant must have an extraordinary and compelling reason for release, and (3) the reduction must be consistent with the Sentencing Commission's policy statement, which in turn requires that release be consistent with the

UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR RECONSIDERATION
*United States v. Reynolds*, CR18-131RAJ - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

factors under 18 U.S.C. § 3553(a) and that the applicant is not a danger to the community. Dkt. 1327, at 3-4. The government does not contest either that the Defendant exhausted his administrative review or that he has an extraordinary and compelling reason for release.[1] But the Defendant cannot satisfy the third requirement because releasing him would be inconsistent with the factors under 18 U.S.C. § 3553(a) and he has not shown that releasing him is safe for the community.

The first factor under 18 U.S.C. § 3553(a) is the nature and circumstances of the Defendant's crime. This factor weighs in favor of the Defendant finishing his sentence. The Defendant participated in a serious offense when he distributed drugs as part of a wide-ranging conspiracy. *See* Dkt. 737 (Plea Agreement) ¶ 8.a. The Defendant was a trusted lieutenant for one of the conspiracy's leaders, Charles Cheatham. PSR ¶ 52-53. Cheatham trusted the Defendant to live with Cheatham in a house where the conspirators stored large quantities of drugs, hundreds of thousands of dollars in proceeds, and numerous firearms. PSR ¶ 54; Dkt. 737, ¶ 8(k). Indeed, the Defendant had a firearm in his own bedroom in that house. PSR ¶ 54; Dkt. 737, ¶ 8(l). Cheatham also trusted the Defendant to visit their stash house where they stored multiple kilograms of cocaine and to meet face-to-face with other conspirators and distributors. PSR ¶ 52-53. As such, the Defendant had an important role in

---

[1] The United States continues to monitor the dangers presented by COVID-19 and recently adopted the position that "under the present circumstances, an inmate's diagnosis with a medical condition that the CDC has identified as a risk factor for COVID-19, and from which the inmate is not expected to recover, presents an 'extraordinary and compelling reason[]' that may warrant compassionate release if other criteria are also met." *See* Reply in Support of Application for Stay, *Williams v. Wilson*, No. 19A1047, at 18 n.4 (U.S. June 4, 2020). The government now does not dispute that the Defendant has a medical condition—stage 2 kidney disease—that, according to the CDC, puts him at "an increased risk of severe illness from COVID-19." Specifically, the CDC currently advises that people with "chronic kidney disease," which includes "chronic kidney disease of any stage," puts people "at an increased risk of severe illness from COVID-19." *See* People of Any Age with Underlying Conditions, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (June 29, 2020). Here, Dr. James Pelton, Bureau of Prisons Clinical Director for the Western Region, acknowledged that the Defendant suffers from "kidney disease stage 2." Dkt. 1319, Exhibit 1 at 2. In sum, the government does not dispute that there is an "extraordinary and compelling reason" that could warrant granting the Defendant's motion for compassionate release.

The government also does not argue here about the significance of the Defendant's recovery from COVID-19. The CDC's guidance indicates that it does not know whether people who recover from COVID-19 can become infected again, but the government does note that FCI Lompoc had many positive COVID-19 cases but now has only one.

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR RECONSIDERATION**
*United States v. Reynolds*, CR18-131RAJ - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

this drug trafficking conspiracy, and the nature and circumstances of his crime weigh against his release request.

The Defendant's history and circumstances also cut against his requested relief. He has two convictions for driving under the influence, as well as convictions for possessing cocaine with the intent to deliver, unlawful possession of a firearm, and identity theft. PSR ¶¶ 71-75. Some of these convictions occurred when the Defendant was a young man. But he was 32 years old when he stole a victim's name, social security number, and address before making purchases using that information. PSR ¶ 74. With this record, the Defendant's criminal history weighs against his request for an early release.

The need to deter criminal conduct and protect the public further support continuing the Defendant's custodial term. The Defendant's recent history of combining firearms and drug trafficking alone lead to the conclusion that continuing his term of custody will help to protect the public and deter the Defendant's conduct. But the circumstances of the Defendant's arrest provide additional support for this determination. For months, the Defendant knew charges were pending but he acted to avoid arrest. *See* Dkt. 963. When law enforcement officers responding to a domestic violence report finally encountered him, he lied to officers about his identity. PSR ¶ 87. The Defendant's refusal to follow the law and his bold efforts at deception pose a danger to the public in normal times, but they are particularly dangerous now when following the law is necessary to protect everyone from further spread of a dangerous virus.

In addition, ending the Defendant's term of imprisonment early will give rise to unwarranted sentencing disparities. Approximately forty defendants were prosecuted in the two related cases arising out of the Morgan/Cheatham investigation. The Court was justifiably concerned about avoiding unwarranted sentencing disparities as it sentenced members of the conspiracy, and made great efforts to treat similarly-situated defendants in an equal manner. Shortening the Defendant's sentence will undo those efforts.

Finally, the Defendant still has not proposed a concrete release plan, and thus has not shown that his release poses no danger to the community. The Defendant has not provided

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR RECONSIDERATION**
*United States v. Reynolds*, CR18-131RAJ **- 4**

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

details about where he would live if released or where he would find financial support, suggesting that he would return to conditions that previously led him to begin selling large quantities of drugs. In addition, given the evidence of possible domestic violence at the defendant's arrest, releasing the defendant to stay with a girlfriend or children should be closely examined. The Defendant has not shown that releasing him poses no danger to the community.

At sentencing, the Court concluded that 60 months of imprisonment reflected the seriousness of the Defendant's offense, promoted respect for the law, provided just punishment, avoided sentencing disparities, and served the other factors under 18 U.S.C. § 3553(a). These factors continue to support the Court's sentence, and the Defendant cannot show that releasing him would be consistent with these factors or that doing so would be safe for the community. The Court correctly denied his motion for early release and should deny his motion for reconsideration.

**2.  The Court Did Not Commit Manifest Error in Denying His Motion for Compassionate Release.**

The Defendant appears to contend that the Court committed two errors by concluding that the Defendant's COVID-19 had resolved, and that the Defendant is receiving treatment for his chronic conditions. As explained above, the Court did not have to reach either conclusion to deny the Defendant's motion because the Defendant failed to satisfy the third requirement for compassionate release. Nonetheless, the Court did not commit either of the alleged errors.

Contrary to the Defendant's allegation, the Court correctly found that the Defendant's COVID-19 has resolved. The Defendant contends that his body aches were a lingering effect of COVID-19, and their presence contradicted the Court's finding that he had successfully overcome COVID-19. But the CDC guidance for determining when an incarcerated individual has recovered from COVID-19 does not mention body aches, and the Defendant cites no other authority to show that lingering body aches indicate continuing danger from

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR RECONSIDERATION**
*United States v. Reynolds*, CR18-131RAJ - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

COVID-19.[2] In addition, the Defendant's medical records and recent filing show that he no longer presents active COVID-19 symptoms. The medical records from the Defendant's examination on June 9, 2020, and the letter from Dr. Pelton both confirm that the Defendant's COVID-19 had resolved. Dkt. 1323, at 24; Dkt. 1319, Exhibit 1 at 2. In addition, there is no indication in the medical records from the Defendant's examination on June 15, 2020, that he continued to suffer from COVID-19. Exhibit 1, at 1-3. Moreover, the Defendant's declaration filed on June 29, 2020, did not mention any body aches, shortness of breath, or other physical symptoms from COVID-19. Dkt. 1339. The Court committed no error in finding that the Defendant's COVID-19 had resolved.

The Court also correctly concluded that the Defendant is receiving care for his chronic conditions, such as hypertension, obesity, and impaired kidney function. The Defendant's medical records show that on June 9, 2020, he discussed his conditions with a medical provider, received an EKG (which "was normal"), and was prescribed new medication, possibly in response to his complaints about his previous treatment. Dkt. 1323, at 23-24. Then on June 15, 2020, the Defendant received medical treatment through the Hypertension and Rheumatology Clinic and discussed with Dr. Jaspal Dhaliwal various health concerns, including weight loss, hypertension, and liver and kidney disease. Exhibit 1 at 1-3; *see also* Dkt. 1339, ¶ 5. The records show that BOP is providing ongoing care for the Defendant's chronic conditions.

Even after the Defendant received this care, however, he filed his motion for reconsideration arguing that he was receiving inadequate care for chronic conditions. The Defendant cites the declarations of Dr. Alexander Schafir in levying his criticism, but Dr. Schafir's declarations have no bearing on the Defendant's argument. First, Dr. Schafir has never examined the Defendant, while BOP medical staff have examined him and are treating

---

[2] According to the CDC, individuals can be removed from medical isolation under certain conditions. The guidance does not mention body aches as one of the controlling symptoms. *See* Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities, Centers for Disease Control, https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html (June 30, 2020).

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR RECONSIDERATION**
*United States v. Reynolds*, CR18-131RAJ - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

…
his conditions. Dkt. 1301, Ex. 1, at ¶ 2. Second, Dr. Schafir's declarations simply suggest additional diagnostic tests that he would conduct on the Defendant if he were to become a patient. Dkt. 1317-3. But there is no real dispute about the Defendant's conditions, and the BOP medical staff is already treating them. Finally, Dr. Schafir's declarations do not comment on the care provided by BOP, let alone conclude that the care falls below a reasonable standard of care. In short, Dr. Schafir's declarations simply cannot show that the Court committed manifest error in finding that the Defendant was receiving care for his chronic conditions, and the Defendant has failed to show that the Court committed any error at all.

### 3. The Defendant Did Not Submit Any New Facts or Binding Precedent That Warrant Reconsideration.

The Defendant might argue that case from the Eastern District of Washington that he presented as supplemental authority on June 25, 2020, provides a basis for reconsideration. *See* Dkt. 1336 (excerpts from *United States v. Baron*, CR06-02095, Dkt. 156 (E.D. Wash. June 16, 2020)). But a decision by another district judge is not binding on this court, and the issues in *Baron* are distinct from those in this case. In particular, consideration of the 3553(a) factors leads to different results in *Baron* and this case. Mr. Baron had served 195 months of his 210-month sentence, while the Defendant has served less than two years of his 60-month sentence. *Id*., at *5. In addition, Mr. Baron was scheduled to serve 18 months in Washington State prison after release from federal custody and therefore would not return to the community. Thus, granting compassionate release to Mr. Baron after he served so much of his sentence and when he still has more time to serve is consistent with the need for the sentence to deter criminal conduct, protect the public, and reflect the seriousness of the offense, whereas releasing the Defendant when he has served such a small portion of his sentence would work against these goals. The Defendant has failed to cite any precedent that would warrant reconsideration.

//

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR RECONSIDERATION**
*United States v. Reynolds*, CR18-131RAJ - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

### C. Conclusion

The Court correctly denied the Defendant's motion for early release. His request was inconsistent with the goals of the 3553(a) factors, and he did not show that his release would be safe for the community. The Defendant has not met the requirements for early release, and the Court should deny his motion for reconsideration.

Dated this 30th day of June, 2020.

Respectfully submitted,

BRIAN T. MORAN
United States Attorney

*/s/ Nicholas Manheim*
NICHOLAS MANHEIM
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-7970
Fax: 206-553-4073
E-mail: Nicholas.manheim@usdoj.gov

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR RECONSIDERATION**
*United States v. Reynolds*, CR18-131RAJ **- 8**

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

# CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s).

*/s/ John M. Price*
JOHN M. PRICE
Paralegal Specialist
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington  98101-1271
Phone: (206) 553-4228
Fax:     (206) 553-4440
E-mail: john.price2@usdoj.gov

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR RECONSIDERATION**
*United States v. Reynolds*, CR18-131RAJ **- 9**

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970